UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRONSON METHODIST HOSPITAL,

    Plaintiff,

v.                                                 Case No. 1:09-CV-641

MUSASHI AUTO PARTS MICHIGAN,      HON. GORDON J. QUIST
INC.,

    Defendant.
_____/

## OPINION

Plaintiff, Bronson Methodist Hospital ("Bronson"), has sued Defendant, Musashi Auto Parts Michigan, Inc. ("Musashi"), alleging a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461. Bronson seeks to recover benefits from Musashi's employer-sponsored health benefits plan ("the Plan") as reimbursement for medical treatment that Bronson provided to "DD," a dependent beneficiary of one of Musashi's employees. The parties have filed cross motions for entry of judgment based upon the administrative record pursuant to the procedure set forth in *Wilkins v. Baptist Healthcare System*, 150 F.3d 609 (6th Cir. 1998), for determining ERISA denial of benefits claims. For the reasons set forth below, the Court will grant Bronson's motion, deny Musashi's motion, and grant Bronson's request for attorneys' fees.

### Facts and Procedural History

On February 2, 2007, DD, a seven-year-old boy, complained to his mother about pain in his upper teeth. (A.R. at 34.) DD's mother gave him ibuprofen before bed, but when DD "woke up in the morning, his entire upper gum line and upper lip was swollen and painful." (*Id.*) When DD

arrived at Bronson Hospital on February 3, he had a "rapidly developing swelling and pain and abscess formation in the upper gum line." (*Id.*) DD also had a "sore throat, headache, neck pain, abdominal pain, pain in the groin area," a 101.6 degree temperature, a heart rate of 115, and blood pressure of 140/80. (*Id.* at 35.) DD was stabilized overnight with "IV hydration and antibiotic therapy," and underwent surgery on February 4 to remove four carious teeth. (*Id.* at 46.)

As an employee of Musashi, DD's mother participated in Musashi's ERISA-qualified health benefits plan. DD was thus covered as a dependent beneficiary under Musashi's Plan. The Plan provides that Musashi is the Plan Administrator, defined as the "entity responsible for the overall management of the Plan." (*Id.* at 81.) The Plan permits Musashi to have a Plan Supervisor, which the Plan defines as "[t]he entity providing consulting services to [Musashi] in connection with the operation of the Plan and performing other functions, including processing of claims." (*Id.*) DD's mother signed an assignment of benefits form permitting Bronson to bill the Plan for DD's treatment. (*Id.* at 1.)

On August 16, 2007, Musashi's Plan Supervisor sent Bronson an Explanation of Benefits form denying Bronson's claim because "DENTAL SERVICES ARE NOT INCLUDED IN YOUR PLAN." (A.R. at 11 (emphasis in original).) On February 5, 2009, Bronson asked Musashi to provide an adverse benefit determination that complied with ERISA. (A.R. at BRO[1] 1-5.) Musashi's response indicated that Musashi changed Plan Supervisors, and that Musashi would look into the matter. (*Id.* at BRO 8.) On March 4, 2009, and then again on April 2, 2009, Bronson asked Musashi to process the claim. (*Id.* at BRO 10, BRO 17.) Musashi asked Bronson to resubmit its claim on April 14, 2009. (*Id.* at BRO 18.) Approximately one month later, Musashi's counsel

---

[1] The pagination of documents Bronson submitted for inclusion in the administrative record is preceded by "BRO."

2

reported to Bronson's counsel that Musashi submitted Bronson's claim to Musashi's new Plan Supervisor, and that "they should have [sic] response within the week or so." (*Id.* at BRO 19.) When Bronson filed suit in state court on June 11, 2009, Bronson still did not have an adverse benefit determination.

After Musashi removed the case to this Court, Musashi sent Bronson a $2,000 check, which was enclosed in a letter dated August 7, 2009. (*Id.* at BRO 20.) The letter stated, "This is the maximum amount due under the dental plan provisions. The medical plan provisions do not, by their terms, apply to the services performed in this instance." (*Id.*) On September 15, 2009, this Court entered a case management order requiring the parties to submit the administrative record by October 6, 2009. (Case Management Order, docket no. 8, at 2.) Musashi sent Bronson a written explanation on September 28, 2009, that (1) denied Bronson's claim under the Plan's medical provisions; and (2) found that DD's treatment was covered under the Plan's dental benefits section, "subject to a maximum of $2,000 per family per calendar year." (A.R. at 149-55.) The parties subsequently filed cross motions for judgment on the administrative record.

**Standard of Review**

A plan administrator's denial of benefits under an ERISA plan is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989). "If a plan expressly grants to the administrator such discretion, and there is no evidence of a conflict of interest," then the administrator's denial of benefits is reviewed under "the highly deferential arbitrary and capricious standard of review." *Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355, 365 (6th Cir. 2009) (citation omitted).

Musashi argues, and Bronson concedes, that the Plan clearly grants discretion[2] to the administrator to determine eligibility for benefits and construe the terms of the Plan. However, Bronson argues that the Court should apply a *de novo* standard of review because (1) Musashi did not provide a full and fair review of Bronson's claim; (2) Musashi suffers from a structural conflict of interest as both the Plan Administrator and the source of the Plan's funds; and (3) Musashi failed to exercise its discretion to trigger the arbitrary and capricious standard.

The Court rejects Bronson's arguments regarding the standard of review for the following reasons. First, a plan administrator's violations of a claimant's procedural rights does not provide a basis for changing the standard of review. *See Univ. Hosps. of Cleveland v. S. Lorain Merchs. Ass'n Health & Welfare Benefit Plan & Trust*, 441 F.3d 430, 434 (6th Cir. 2006). Second, "the conflict of interest inherent in self-funded plans does not alter the standard of review." *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998) (citation omitted). Instead, the conflict of interest should be considered in determining whether the plan administrator's decision was arbitrary and capricious. *See id.* Finally, the Court does not need to decide whether *Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355 (6th Cir. 2009), and *Gritzer v. CBS, Inc.*, 275 F.3d 291 (3d Cir. 2002), require the Court to apply the *de novo* standard of review due to Musashi's failure to exercise its discretion because, as explained below, Musashi's decision cannot withstand scrutiny even under the more deferential arbitrary and

---

[2]The Plan defines "Named Fiduciary" as "[t]he person or entity who has the complete authority to control and manage the operation and administration of the Plan. The Named Fiduciary for the Plan is the Employer, who is the sponsor of this Plan." (A.R. at 80.) The Plan continues by stating, "In exercising its fiduciary responsibilities, the Employer shall have the discretionary authority to determine eligibility for benefits, review denied claims for benefits, interpret Plan provisions, construe disputed Plan terms and select managed care options." (*Id.* at 81.)

4

capricious standard of review.[3]

## Discussion

1.   **Denial of Benefits**

On August 16, 2007, Musashi's Plan Supervisor sent Bronson an Explanation of Benefits form denying Bronson's claim because "DENTAL SERVICES ARE NOT INCLUDED IN YOUR PLAN." (A.R. at 11 (emphasis in original).) This is the only timely explanation that Bronson received.[4] A cursory review of the Plan shows that this denial was arbitrary and capricious.

The Plan has separate medical and dental provisions, both of which provide coverage for certain oral related problems and procedures. In the "Medical Care Benefits" section, certain coverages are listed under "Other Covered Services / Items." (*Id.* at 63.) In the "Additional Benefits" section of the Plan, "Dental and Vision Benefits are provided as an elective option in addition to, or separate from, Medical Plan Benefits." (*Id.* at 84.) Musashi claims that the medical care provided by Bronson was covered under the Additional Benefits portion of the Plan as dental benefits, and is not covered by the "Medical Care Benefits" of the Plan. Musashi has tendered to Bronson the yearly maximum dental benefit of $2,000.

The "Additional Benefits" and the "Medical Care Benefits" sections are separate grants of coverage that require separate analysis. The issue, then, is whether DD's care was covered by the "Medical Care Benefits" provision of the Plan. The "Medical Care Benefits" section's schedule of "Other Covered Services / Items" provides benefits for:

---

[3] For the same reason, Musashi's structural conflict of interest as both the Plan Administrator and payer of benefits does not factor into the Court's decision.

[4] Musashi's February 23, 2009, letter reporting that Allied Benefit Systems said it denied Bronson's claim because "it was for a 'dental procedure not covered under the plan'" does not constitute an adverse benefit determination under 29 C.F.R. § 2560.503-1(g), nor is it consistent with the August 16, 2007, Explanation of Benefits. (*Compare* A.R. at BRO 8 (stating "'dental procedure not covered under the plan'"), *with* A.R. at 11 (stating that "DENTAL SERVICES ARE NOT INCLUDED IN YOUR PLAN").)

> **Dental Treatment** *when rendered by a Physician, Dentist or oral surgeon for* **accidental Injuries to natural teeth within 6 months** *after the accident (replacement or repair of a denture not covered); treatment or removal of a* **tumor**; *removal* **of impacted or partially impacted teeth**; **alveolectomy, gingivectomy or vestibuloplasty**; **medical care, services** *and* **supplies** *furnished by a Hospital during Medically Necessary confinement in connection with* dental treatment.

(A.R. 63 (emphasis in original).)

The only plain and common sense reading of this paragraph is that it provides coverage for seven distinct, bold faced items, one of which is "**medical care, services** *and* **supplies** *furnished by a Hospital during Medically Necessary confinement in connection with* dental treatment." (A.R. 63.) The semicolon after each clause delineates the separate grants of coverage in the "Dental Treatment" provision, and the "medical care, services and supplies" clause is set apart from the other clauses by a semicolon. DD's treatment is covered under this clause because he received medical care and services from Bronson during "Medically Necessary" confinement in connection with treatment for carious teeth and a systemic bacterial infection that was causing a 101.6 degree temperature and pain from DD's throat to his groin.

Therefore, the Court finds that Musashi's denial of Bronson's claim was arbitrary and capricious because the Plan is susceptible to only one interpretation: the "medical care, services and supplies" clause is a separate grant of coverage.

### 2. Bronson's Objection to the Administrative Record

Even if the "Dental Treatment" provision in the schedule of "Other Covered Services / Items" is ambiguous, Musashi's denial of benefits would still be arbitrary and capricious. Bronson objects to the inclusion of Musashi's September 28, 2009, letter in the administrative record because Bronson claims Musashi wrote this letter in response to the present litigation, evidenced by Musashi's mailing of this letter eight days before this Court's case management order required the parties to file the administrative record. (Pl.'s Resp. to Def.'s Mot. for J. on the Administrative R.,

docket no. 14, at 2.) Bronson thus claims that Musashi's letter is not relevant under 29 C.F.R. § 2560.503-1(m)(8). (*Id.*) Musashi argues that this response was a more detailed explanation provided at Bronson's request after Bronson complained that the benefits determination was not adequately explained. Musashi also states that Musashi changed its third party administrator who processed these claims, and that the timing of the letter is irrelevant because the remedy for an administrator's failure to explain a benefits determination is to remand the matter to the plan administrator for a more detailed explanation.

A district court's review of the Plan Administrator's decision is "confined to the administrative record as it existed" at the time of the final decision upholding the denial of benefits. *See Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005); *see also Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (finding that district court properly excluded from its review evidence that was produced after the plaintiff's claim for benefits was denied). On August 16, 2007, Musashi's Plan Supervisor[5] sent Bronson an Explanation of Benefits form denying Bronson's claim because "DENTAL SERVICES ARE NOT INCLUDED IN YOUR PLAN." (A.R. at 11 (emphasis in original).) On February 5, 2009, Bronson asked Musashi to provide an adverse benefit determination that complied with ERISA. (*Id.* at BRO 1-5.) Musashi's response indicated that Musashi would look into the matter. (*Id.* at BRO 8.) When Bronson filed suit in state court on June 11, 2009, Musashi still had not provided an adverse benefit determination. Bronson thus exhausted its administrative remedies prior to filing suit. *See* 29 C.F.R. §§ 2560.503-1(i); 2560.503-1(*l*). Consequently, the administrative record closed when this litigation commenced. *See Garst v. Wal-Mart Stores, Inc.*, 30 F. App'x 585, 593 (6th Cir. 2002) (citations omitted); *Univ. Hosps. of*

---

[5]On August 16, 2007, Allied Benefits Systems, Inc. was the Plan Supervisor. Blue Cross Blue Shield is the current Plan Supervisor.

7

*Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845 n.2 (6th Cir. 2000) (stating that the court will "consider only the materials available to [the plan's administrative review body], and not any depositions, affidavits, or similar litigation-related materials that the parties submitted").

Therefore, in its analysis the Court will not consider any evidence dated after April 6, 2009, which is sixty days[6] after Bronson first asked Musashi for an adverse benefit determination. To be clear, the Court will exclude the following documents from the administrative record: A.R. at 149-55; A.R. at BRO 18-21. Any contrary decision would allow Musashi and other plan administrators to stack the deck in the subsequent litigation by failing to comply with ERISA's timing requirements for adverse benefit determinations.

Considering only the materials available to Musashi when it conducted a review of Bronson's claim, the Court finds Musashi's decision was arbitrary and capricious. Musashi failed to rely on the Plan's provisions in its explanation. Instead, Musashi chose to rely on the determination that "DENTAL SERVICES ARE NOT INCLUDED IN YOUR PLAN." (A.R. 11 (emphasis in original).) The only rational inference that can be drawn from this explanation is that Musashi did not consider any of the Plan's dental provisions, let alone coverage under the Plan's medical provisions. Therefore, Musashi's decision was not "'rational in light of the plan's provisions.'" *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991).

### Bronson's Request for Attorneys' Fees

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) provides: "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's

---

[6] 29 C.F.R. § 2560.503-1(i)(2)(iii) provides that plan administrators of group health plans "shall notify the claimant . . . of the plan's benefit determination on review within a reasonable period time" not later than a total of sixty days after receipt of the claimant's request for review of the post-service claim.

fee and costs of action to either party." Bronson contends that the Court should exercise its discretion to grant it an award of fees and costs.

District courts within the Sixth Circuit must consider five factors in assessing the propriety of an award of fees and costs under ERISA: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006) (citation omitted). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).

### A. Musashi's Culpability or Bad Faith

Musashi contends that it did not act in bad faith in failing to process Bronson's claim because "Musashi was trying to gather information from an uncooperative TPA in order to conduct its review of Plaintiff's claim." (Def.'s Resp. to Pl.'s Mot. for J. on the Administrative R., docket no. 13, at 6.) The record supports Musashi's claim that Allied Benefit Systems ("Allied"), Musashi's Plan Supervisor, was uncooperative. However, the responsibility to provide an adverse benefit determination ultimately rested with Musashi, and Musashi failed to provide any rational response to Bronson's claim. Musashi's failure to provide an adverse benefit determination supports a finding of bad faith. *See Shelby*, 581 F.3d at 377 (stating that where "a plan administrator engages in an inadequate review of the beneficiary's claim or otherwise acts improperly in denying benefits, we have found that attorney fees are appropriate."). Therefore, the Court finds that the bad faith factor weighs in favor of Bronson's request for attorneys' fees.

9

### B. Musashi's Ability to Satisfy an Award of Attorneys' Fees

Musashi does not address its ability to satisfy an award of attorneys' fees. The Court thus finds that this factor supports Bronson's request.

### C. The Deterrent Effect of Awarding Attorneys' Fees

Musashi argues that an award of attorneys' fees would not provide a deterrent effect in future claims processing because the problem here was an uncooperative Plan Supervisor, not an uncooperative Plan Administrator. This argument is meritless. The Plan explicitly states that Musashi is "[t]he entity responsible for the overall management of the Plan." (A.R. at 81.) Musashi could have processed Bronson's claim on its own, as Musashi's September 28, 2009, letter ultimately tried to do. Therefore, the Court finds that an award of attorneys' fees would deter Musashi from future abdications of its responsibilities as Plan Administrator.

### D. The Common Benefit

Bronson concedes that it is not seeking to confer a common benefit on all participants and beneficiaries or resolve significant legal issues regarding ERISA. Bronson is, however, seeking clarity regarding a plain interpretation that could affect others. Therefore, the Court finds that this factor is neutral.

### E. Relative Merit of the Parties' Positions

The Court finds that the relative merit of the parties' positions favors an award of attorneys' fees. Musashi's position on why it denied Bronson's claim shifted with the sands, evidenced by Musashi's initial denial of any coverage, then its apparent refusal to consider the Plan's medical provisions, and culminating in several meritless arguments, particularly Musashi's claim that DD's condition was not a medical emergency.

Based upon its consideration and weighing of the above factors, the Court concludes that an award of attorneys' fees and costs is appropriate in this case. The relative merit of the parties' positions, the deterrent effect of an award of fees, and Musashi's bad faith were important to this Court's analysis.

## Conclusion

For the foregoing reasons, the Court will grant Bronson's motion for judgment on the administrative record, deny Musashi's motion, and grant Bronson's request for attorneys' fees and costs.

An Order consistent with this Opinion will be entered.


Dated: May 12, 2010                        /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE